**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**THELMON SMITH, III**                                                                 **PLAINTIFF**

**v.**                                                              **No. 1:25CV146-JMV**

**M.D.O.C. COMMISSIONER, ET AL.**                                     **DEFENDANTS**

**ORDER *DENYING* PLAINTIFF'S MOTION [18]
TO DISMISS STATE CRIMINAL CASE**

This matter comes before the court the plaintiff's motion [18] for this court to dismiss his pending state criminal case. The court must dismiss the instant motion, as in the Fifth Circuit, *habeas corpus* petitions are the "exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey,* 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *see also Edge v. Stalder*, 240 F.3d 1074 (5th Cir. 2000). In the present case, the plaintiff alleges constitutional injury arising out of his arrest and prosecution, as well as conditions of his confinement. *See* Docs. 7, 16. He has raised his challenges through a civil suit filed under 42 U.S.C. § 1983, rather than a petition for writ of *habeas corpus* under 28 U.S.C. § 2241. As such, the remedy he seeks in the instant motion (dismissal of his criminal charges and immediate release from detention) is not available in the instant case. The motion [18] is therefore **DENIED**, but without prejudice to the plaintiff's ability to seek such relief through a petition for writ of *habeas corpus* under 28 U.S.C. § 2241.

      **SO ORDERED**, this, the 30th day of March, 2026.

                                       /s/   Jane M. Virden
                                       UNITED STATES MAGISTRATE JUDGE